IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00115-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KELVIN NALLS, ) | |
| Defendant. ) | |

This matter is before the court on Kelvin Nalls' Motion to Correct Clerical Error [DE-71]. In his motion, Nalls states that the 2012 Presentence Report ("PSR") contains two clerical errors. Initially, the correct arresting date in Case Number 96-677, as listed in paragraph 20 of the PSR, is October 1, 1996. Second, Paragraph 17 of the PSR erroneously reflects that Nalls shot Arthur Brooks and Brooks sustained serious bodily injury.

In response to error number one, the court notes that Nalls has provided a copy of the draft PSR as documentation in support of this claim. However, pursuant to U.S.S.G. § 4A1.2(a)(2), the convictions in paragraphs 19 and 20 were scored in accordance with the guidelines. Nalls was in state custody for the conviction noted in Paragraph 19 when a Writ of Habeas Corpus was issued regarding the federal charge noted in Paragraph 20. Nalls appeared for his initial appearance and pled guilty to the charge in Paragraph 20 on December 5, 1996. After reviewing the draft PSR with Nalls, his attorney contacted the probation office regarding his client's argument that Paragraphs 19 and 20 were related. In the final PSR, the following statement was noted in Paragraph 20, "Nalls advised that this conviction is related to the conviction noted in the previous paragraph." Therefore, no changes to Paragraph 20 are warranted.

In response to error number two, the court notes that in support of Nalls' motion he provided an excerpt of the PSR with the paragraphs in question. The document Nalls provided in his motion is a copy of the first draft of the PSR. The draft report contained the following description in Paragraph 17, "On May 18, 1988, Nalls shot Arthur Brooks, who sustained serious bodily injury." After reviewing the draft PSR with Nalls, his attorney contacted the probation office and requested that the language regarding "serious bodily injury" be removed from the report. The revision was made as requested. In the final PSR, the description of the offense in Paragraph 17 was, "On May 18, 1988, Nalls shot through a door, where Brooks was located." Consequently, no changes to Paragraph 17 are necessary.

For the foregoing reasons, Nalls' Motion to Correct Clerical Error [DE-71] is DENIED.

SO ORDERED.

This, the 10 day of July, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2