IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00115-F-1
No. 4:13-CV-00173-F

| | |
|---|---|
| KELVIN NALLS, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss or, in the alternative, for Summary Judgment [DE-57] on Kelvin Nalls's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-53]. Also before the court are Nalls's Response [DE-68], which the court has construed as a motion to amend, and another Motion to Amend [DE-70]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss or, in the alternative, for Summary Judgment is ALLOWED in part and DENIED in part. Nalls's § 2255 motion is DENIED because he is not entitled to relief. Additionally, Nalls's Response and Motion to Amend are DISMISSED.

**I. Factual and Procedural Background**

On November 21, 2011, Nalls was named in two counts of a three-count indictment. *See* Indictment [DE-1]. In Count One, Nalls was charged with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. Count Two charged Nalls with possession with the intent to distribute 100 grams or more of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The court held Nalls' arraignment on February 27, 2012. At his arraignment, Nalls pled guilty to Counts One and Two without a written plea agreement.

On July 16, 2012, the court held Nalls's sentencing hearing. Nalls was sentenced to 102 months' imprisonment on Count One and 102 months' imprisonment on Count Two, to run concurrently. *See* Judgment [DE-47]; Amended Judgment [DE-51]. Nalls did not appeal his conviction or sentence.

Nalls filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-53] on July 19, 2013. In his § 2255 motion, Nalls raises the following issues: (1) his guilty plea was not knowingly or voluntarily made because his plea was induced by promises that his sentence would not exceed five years; (2) his attorney provided ineffective assistance of counsel by failing to file a notice of appeal after be directing to do so; (3) his attorney provided ineffective assistance of counsel by failing to investigate and retrieve surveillance cameras to prove his case; and (4) his attorney provided ineffective assistance of counsel by failing to request a suppression hearing or file other motions.

On August 29, 2013, the Government filed its Motion to Dismiss or, in the alternative, for Summary Judgment [DE-57]. In its motion, the Government argues that the court should dismiss Nalls's § 2255 motion for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, grant summary judgment in favor of the Government.

Nalls filed a Response [DE-68] to the Government's Motion to Dismiss or, in the alternative, for Summary Judgment on October 24, 2013. In his Response, Nalls raised the following additional claims of ineffective assistance of counsel: (1) his attorney misinformed him of the consequences of his plea; (2) his attorney led him to believe that he was a career

2

offender; (3) his attorney failed to investigate any exculpatory evidence and other possible defenses in anticipation of trial; and (4) his attorney failed to file a motion for bail.

On May 27, 2014, Nalls filed his Motion to Amend [DE-70]. In his Motion to Amend, Nalls alleges that his attorney provided ineffective assistance of counsel by failing to investigate and/or argue that his criminal history was improperly calculated by the U.S. Probation Office.

This court held an evidentiary hearing on June 24, 2015, to address Nalls's claim that he directed his attorney to file a notice of appeal and his attorney failed to do so. Nalls was present and represented by appointed counsel Raymond C. Tarlton. The Government was represented by Assistant United States Attorney Seth Morgan Wood.

## II. Legal Standards

### A. Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

3

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## B. Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact and it appears that the moving party is entitled to judgment as a matter of law. *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991) (applying the summary judgment standard to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the record taken as a whole could not lead a trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Discussion

### A. Section 2255 Motion

#### 1. Nalls's first claim is belied by the record.

In his first claim, Nalls alleges that his guilty plea was not knowingly and intelligently made. Mem. of Law in Support of Mot. to Vacate [DE-53-1] at 1-2. Specifically, Nalls contends that he was induced to plead guilty by promises from the prosecutor and his attorney that if he pled guilty he would receive a sentence of not more than five years. *Id.* at 1.

As the colloquy that took place at Nalls's Rule 11 hearing reflects, Nalls's first claim is belied by his sworn statements:

4

> The Court: Do you understand your attorney's calculation of your anticipated sentence is only and [sic] estimate and that it is the court that will determine your actual sentence?
>
> Defendant: Yes.
>
> . . .
>
> The Court: Has anyone made any promises that induced you to plead guilty?
>
> Defendant: No.
>
> . . .
>
> The Court: Has anyone made any guarantee or promise to you as to what your sentence will be?
>
> Defendant: No.

*See* February 27, 2012 Transcript [DE-89] at 22-23.

Nalls is bound by his statements during his Rule 11 hearing, and his current allegations to the contrary must be rejected. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."); *see also United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)). Nalls has not shown that extraordinary circumstances exist such that the court may disregard his previous sworn statements. Accordingly, Nalls's first claim must fail because it is belied by his sworn statements made during his Rule 11 hearing.

**2. Nalls has failed to state a claim of ineffective assistance of counsel in his third and fourth claims.**

5

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* The court will apply the *Strickland* standard to Nalls's third and fourth claims.

### a. Failed to investigate and retrieve surveillance cameras

In the third claim in his § 2255 motion, Nalls summarily alleges that his attorney provided ineffective assistance of counsel by "fail[ing] to investigate and retrieve survailance [sic] camera to prove his case." Mem. of Law in Support of Mot. to Vacate [DE-53-1] at 8.

Nalls's bare conclusion that if his attorney had investigated and retrieved the surveillance cameras he could have "prove[n] his case" does not sufficiently state prejudice under *Strickland*. *See United States v. Terry,* 366 F.3d 312, 316 (4th Cir. 2004) ("[C]onclusory allegations are insufficient to establish the requisite prejudice under *Strickland*."). Consequently, Nalls's third

6

claim will be dismissed.

### b. Failed to request a suppression hearing

In the fourth claim in his § 2255 motion, Nalls alleges that his attorney provided ineffective assistance of counsel by failing to "request and secure a suppression hearing." Mem. of Law in Support of Mot. to Vacate [DE-53-1] at 8.

This claim must fail under *Strickland* because Nalls has failed to allege any prejudice caused by his attorney's failure to "request and secure a suppression hearing." Consequently, Nalls' fourth claim will be dismissed.

### 3. Nalls is not entitled to relief on his second claim.

In the second claim set forth in his § 2255 motion, Nalls alleges that his attorney provided ineffective assistance of counsel by failing to file a timely notice of appeal after he was specifically instructed to do so. Mem. of Law in Support of Mot. to Vacate [DE-53-1] at 2.

In the Government's Memorandum filed in support of its Motion to Dismiss or, in the alternative, for Summary Judgment [DE-58], it has attached an affidavit from Mark A. Ward, Nalls's attorney. In his affidavit, Ward states that immediately following pronouncement of Nalls's sentence, the court advised Nalls of his appellate rights. Aff. of Ward [DE-58-1] ¶ 8. Nalls did not indicate to the court that he wished to appeal his sentence. *Id.* Ward further stated that he met with Nalls immediately following sentencing in the holding cell interview room at the federal building in Wilmington. *Id.* ¶ 9. At that time, Ward advised Nalls that he had a right to appeal his sentence and informed Nalls that he would assist him in noting an appeal if he wished to do so. *Id.* According to Ward, Nalls "clearly and unequivocally" expressed that he was

7

satisfied with his sentence and did not wish to appeal. *Id.* Ward made a note in his file about the meeting and Nalls's desire not to appeal his sentence. *Id.*

On July 17, 2012, Ward mailed a "closing letter" to Nalls, which confirmed the resolution of his case. Aff. of Ward [DE-58-1] ¶ 10. Ward stated that he had contact with Nalls several additional times related to Nalls's request that Ward assist him in getting his personal property from Lenoir County Jail. *Id.* ¶ 11. Ward stated that at no time during any of his conversations with Nalls did Nalls ever express a desire to appeal. *Id.* ¶ 12. Further, when Ward became aware of Nalls's claim, he went back through Nalls's file and his notes, and he confirmed there was no indication that Nalls wished to appeal. *Id.* ¶ 13. Finally, Ward stated that it is his specific recollection that Nalls never requested that he enter an appeal. *Id.*

The court concludes that an issue of credibility exists with respect to Nalls' second claim. Because the Government has failed to show that it is entitled to dismissal or summary judgment on Nalls's second claim, the Government's Motion to Dismiss or, in the alternative, for Summary Judgment is DENIED as to this claim, and the court will proceed to consider its merits.

### a. Applicable Law

It is well established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[A]n attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

8

### b. Evidentiary Hearing Testimony

#### i. Kelvin Nalls

At the June 24, 2015 evidentiary hearing, Nalls testified that the reason he pled guilty without a plea agreement was to ensure he maintained his right to appeal. Nalls stated he felt that his sentence should have been appealed based on his criminal history category calculations. According to Nalls, in 1996, a joint state and federal task force arrested him for gun and drug charges. The State of New Jersey took the drug case, and the federal government took the firearms case. Nalls testified that the cases arose out of the same act or transaction. Nalls explained that instead of the six criminal history points he received in those cases, he should have only received three. Nalls explained that if he had only received three points, it was his understanding that his criminal history category would have been IV, instead of category V.

Nalls testified that he did not trust his attorney, which is another reason he wanted to preserve his right to appeal. Nalls testified that Ward controlled and manipulated him by telling him he could be classified and sentenced as a career offender. According to Nalls, when it suited Ward's needs, Ward would tell him he was not a career offender. By constantly changing his advice about the career offender issue, Nalls believes Ward wanted to use this to force a certain outcome. Nalls testified that Ward refused to file formal objections to his Presentence Report, even though Nalls repeatedly asked that he do so. Nalls further testified that Ward used the career offender issue to keep Nalls from insisting on filing objections.

Nalls stated that he received a sentence of 102 months' imprisonment, well over the 80-month sentence Ward had promised him he would receive. Nalls admitted that he testified at his

9

arraignment that no one made him any promises regarding his sentence, but Nalls explained that he lied when he said that at his arraignment. It was Nalls's understanding that he had to say that in order for the process to go forward, so he knowingly answered untruthfully at his arraignment. Nalls testified that throughout the case, he told Ward that if he did not receive the promised 80-month sentence, he wanted to appeal.

Nalls testified that in the holding cell after sentencing, he told Ward to file an appeal. According to Nalls, Ward agreed to file the appeal, but then he failed to do so. Nalls stated that he had no contact with Ward after his sentencing hearing. Nalls admitted that he never asked the court, in a letter or otherwise, about the status of his appeal or how to file an appeal.

### ii. Mark A. Ward

Ward testified at the June 24, 2015 evidentiary hearing that he has been practicing criminal law for twenty-eight years. Ward further testified that he is a solo practitioner in Greenville, North Carolina, and he has been in private practice since the year 2000. Ward stated that he has worked in both state and federal court. Ward testified that he has represented five or six federal criminal defendants a year since the year 2000, and he has represented as many as ten thousand criminal defendants in his career.

To the best of Ward's recollection, he was assigned as counsel to Nalls in December of 2011. Ward testified that when he received discovery in the case, he reviewed it with Nalls. Ward explained that he met with Nalls approximately ten times, each visiting occurring before Nalls's guilty plea.

Ward stated that the reason he could never get a definite answer regarding whether Nalls

10

was a career offender was due to the fact that the 1996 convictions were so old that the information was not readily accessible. Ward testified that he could not obtain the indictment in that matter, and he was concerned that if he did too much prompting, the Government, the court, or the probation office would find the indictment. Ward explained that on its face, the 1996 conviction is not a predicate for career offender status. However, certain enhancements, which could be in the indictment, would make the conviction a predicate for career offender status. Ward could not obtain the information himself, and he did not want the probation office or others to find the information in case it revealed that Nalls could be classified as a career offender.

Ward testified that he recommended Nalls enter his plea without a plea agreement so he could contest the career offender determination if necessary. The Government agreed not to file an 851 enhancement if Nalls did plead guilty. Ward testified that he never promised Nalls any specific sentence. Ward explained that he did not want to make formal objections to the Presentence Report, but he did file a motion for downward departure. Ward stated that his reasons for filing that motion were to prevent an upward departure at sentencing and also to preserve the issue for appeal, in the event Nalls elected to appeal his sentence. Ward testified that he addressed the 1996 conviction issue during Nalls's sentencing hearing.

Ward explained that the 102-month sentence that Nalls received was within the guideline range, there was no 851 enhancement, and Nalls was not classified as a career offender. According to Ward, these were the reasons that he advised Nalls not to appeal. Ward testified that he and Nalls discussed the possibility of an appeal and other things for about ten minutes following Nalls's sentencing hearing. Ward stated that Nalls unequivocally told him he did not wish to appeal his sentence.

11

Ward testified that after the meeting with Nalls, he dictated his notes regarding the meeting onto a tape recorder. Ward later summarized the dictation into notes for Nalls's file. Ward testified that he sent a follow up letter to Nalls, in which he summarized what they had discussed.

Ward stated that he received subsequent correspondence from Nalls regarding some personal property Nalls wanted retrieved and sent to his mother. Ward testified that he never received any correspondence from Nalls about an appeal. Ward further testified that Nalls never said anything to him about an appeal.

### c. Discussion

The court's determination of Nalls's entitlement to relief under § 2255 depends on a credibility determination. The court having heard both Nalls's and Ward's testimony at the June 24, 2015 evidentiary hearing and having had the opportunity to observe both individuals, finds as follows: Nalls's allegation that he directed Ward to file a notice of appeal at their meeting in the temporary holding room at the courthouse following his July 16, 2012 sentencing hearing finds no support in the record. Nalls was unable to present any letters or motions showing that he sought out the status of his appeal from either the court or Ward. In fact, Nalls wrote a letter to Ward on January 29, 2013, six months after sentencing, and Nalls failed to even mention an appeal or ask about the status of his appeal. *See* Evidentiary Hearing Gov's Exh. 2.

The court also finds that Nalls was not a credible witness. As noted, Nalls stated that Ward told him that he would receive a 80-month sentence. At his arraignment, Nalls stated that no one had made any promises to him about what his sentence would be. Nalls conceded during

12

the June 24, 2015 evidentiary hearing that he was not truthful during his arraignment.

Ward's testimony, on the other hand, is credible and corroborated by the evidence presented at the June 24, 2015 evidentiary hearing. Ward has his personal file from Nalls's case, which contains both Ward's contemporaneous notes and letters to Nalls sent as a follow up. According to Ward, Nalls gave him a clear direction not to file a notice of appeal during their meeting following Nalls's July 16, 2012 sentencing hearing. This is consistent both with Ward's contemporaneous notes and the follow up letter sent to Nalls on July 17, 2012. *See* Evidentiary Hearing Gov's Exhs. 5, 6.

In sum, the court concludes that Nalls has failed to establish an ineffective assistance of counsel claim against Ward for failure to file a notice of appeal after Nalls instructed him to do so. Consequently, Nalls is not entitled to relief on the second claim of his § 2255 motion.

## B. Motions to Amend

As noted, Nalls has raised four additional issues in his Response [DE-68] to the Government's Motion to Dismiss or, in the alternative, for Summary Judgment. Specifically, Nalls has raised the following claims of ineffective assistance of counsel: his attorney misinformed him of the consequences of his plea; his attorney led him to believe that he was a career offender; his attorney failed to investigate any exculpatory evidence and other possible defenses in anticipation of trial; and his attorney failed to file a motion for bail. The court construes Nalls's Response as a motion to amend seeking to add additional issues to his § 2255 motion. Additionally, Nalls has filed a Motion to Amend [DE-70], in which he alleges that his attorney provided ineffective assistance of counsel by failing to investigate and/or argue that his

criminal history was improperly calculated by the U.S. Probation Office.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, this court entered judgment on July 26, 2012, and as noted, Nalls did not appeal his conviction or sentence. Nalls's Response [DE-68] was filed on October 17, 2013, at the earliest[1], and Nalls's Motion to Amend [DE-70] was not filed until May 15, 2014, at the earliest. Nalls filed both motions, accordingly, more than one year after his conviction became

---

[1] A prisoner's mail is deemed filed when the prisoner delivers it to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Nalls's signature on the Response is dated October 17, 2013. Resp. [DE-68-1] at 16.

14

final.

A § 2255 claim presented in a motion to amend that is filed more than one year after the conviction becomes final is untimely under 28 U.S.C. § 2255(f)(1), unless the claim relates back to a timely-filed claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 662-64 (2005). A claim relates back "when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000 ) (quoting Fed. R. Civ. P. 15(c)(2)). An amended claim, however, "does not relate back (and thereby escapes [the § 2255] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

In this case, Nalls's claim in his Response that his attorney misinformed him of the consequences of his plea because his attorney advised him that if he pled guilty he would not face more than 60-80 months in prison relates back to the first issue addressed in Nalls's § 2255 motion, in which he alleged that his guilty plea was not knowingly and intelligently made because he was induced to plead guilty by promises from the prosecutor and his attorney that he would serve no more than five years in prison if he pled guilty. However, as noted above, any claim by Nalls that his attorney advised him that if he pled guilty he would receive a specific sentence must be dismissed because it is belied by the record from Nalls's Rule 11 hearing. *See* February 27, 2012 Transcript [DE-89] at 22-23. As for the remainder of the claims in Nalls's Response, they do not relate back to his original § 2255 motion.

15

As for the Motion to Amend, Nalls's proposed claims do not relate back to his original § 2255 motion. The court concludes that the new grounds for relief are supported by facts that differ in both time and type from those set forth in the original § 2255 motion.

In light of the foregoing, Nalls's Motions to Amend [DE-68; DE-70] are DISMISSED.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss or, in the alternative, for Summary Judgment [DE-57] is ALLOWED in part and DENIED in part. Nevertheless, Nalls is not entitled to relief on his § 2255 motion [DE-53], and it is DENIED. Additionally, Nalls's Motions to Amend [DE-68; DE-70] are DISMISSED. The court has reviewed the arguments raised, and in light of the applicable standard, a certificate of appealability is DENIED.

SO ORDERED.

This the 2 0 day of August, 2015.

*James C. Fox*
James C. Fox
Senior United States District Judge